AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Henry B. Howard<br><br>Defendant(s) | )<br>)<br>)  Case No.<br>)<br>)  **8:14 MJ 1753 AEP**<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____June 2014____ in the county of ____Manatee____ in the
____Middle____ District of ____Florida____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18:922(g)(1)<br>18:924(e) | Felon in possession of a firearm. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Konstantinos E. Balos, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: 10/21/14

_____
Judge's signature

City and state: Tampa, Florida

Anthony E. Porcelli, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

Your affiant, Konstantinos E. Balos, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, having been duly sworn, states as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since February of 2001. I am currently assigned to the Tampa Field Division, which is located in the Middle District of Florida. I have approximately 17 years of law enforcement training and experience. This training and experience includes, but is not limited to, the earning of a Bachelor of Science degree, the completion of the Federal Law Enforcement Training Center's (FLETC) Criminal Investigator Training Program, the completion of FLETC's Inspector General Criminal Investigator Academy, and the completion of ATF's New Agent Training program. Prior to joining ATF, I was employed for approximately four years as a Special Agent for the United States Department of Agriculture, Office of Inspector General, in the New York Field Office.

2. I am authorized to investigate criminal violations of laws of the United States, including the Gun Control Act, the Explosives Control Act, the Anti-Arson Act, the National Firearms Act, and to execute warrants issued under the authority of the United States.

3. The facts contained in this affidavit are based on my personal knowledge, and/or reliable information related to me in my official capacity by first

hand observation, from other law enforcement officers involved in this investigation, and from others. This affidavit should not be construed as a complete statement of all the information generated from the investigation of the events to be described, but only those facts which I feel are sufficient to establish probable cause in support of this criminal complaint.

## STATUTORY AUTHORITY

4. I submit this affidavit in support of a criminal complaint charging the defendant, Henry B. HOWARD, a multi-convicted felon, with committing the federal offense of being a Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e). Through consultation with law enforcement officers, review of investigative reports, and the conducting of and participation in specific investigative activity, I obtained pertinent facts essentially as follows:

## BACKGROUND FACTS OF THE INVESTIGATION

5. On October 6, 2014, I was contacted by Detective Mike Douglas from the Florida State Fire Marshal's Office (FMO) relative to a firebombing. This incident took place on June 20, 2014, in the parking lot of the Days Inn Hotel located at 3506 1st St W, Bradenton, FL 34208, in the Middle District of Florida. Detective Douglas informed me that the fire, which was determined to be "incendiary", caused damage to a 2006 Dodge Truck owned by victim P.S. A review of the hotel's video surveillance system showed a vehicle pulling up next to the Dodge truck. An unknown male driver exited the vehicle and walked to the

front passenger side of the Dodge truck. After a short time, this unknown male returned to his vehicle and left. The Dodge truck exploded in flames shortly thereafter.

6. On October 7, 2014, Detective Douglas and I interviewed N.H.; the girlfriend of HOWARD. N.H. stated that she was a passenger in HOWARD'S truck on June 20, 2014, and saw HOWARD set fire to the P.S's truck using the combination of a plastic bottle, gasoline, and cloth wick. N.H. described HOWARD parking in front of the Dodge truck, getting out, and placing the bottle with gasoline and a wick in the wheel well of the truck. After HOWARD pulled away, she heard a "boom" and saw fire and smoke.

7. N.H. also told investigators that she has seen HOWARD with two rifles, and provided me with ownership paperwork relative to a Remington .308 rifle, model 770. I later obtained the corresponding ATF 4473 (Firearms Transaction Record) from Dick's Sporting Goods located at 4108 14th Street West, Bradenton, Florida 34205. The 4473 showed that the .308 rifle was purchased by

Jean Howard, Henry HOWARD's wife, on March 31, 2014.

8. On October 7, 2014, MSO Sergeant Randy Lamb and I interviewed Jean Howard. She said she purchased the .308 rifle at the direction of her husband, HOWARD. Jean Howard also provided consent-to-search her home, during which law enforcement officers recovered two rifles, including the aforementioned .308 rifle. The second firearm is described as a CBC Rifle,

17mm, Model 817. Jean Howard said she knew that Henry HOWARD had the 17mm rifle, but did not know where he had acquired the firearm.

9. On October 7, 2014, Detective Douglas and I interviewed Henry HOWARD at the Manatee County Jail. Post-*Miranda*, HOWARD said the .308 rifle belonged to his wife and that he "might have" helped her pick it out during the purchase at Dick's Sporting Goods. HOWARD also said that he "may have" touched the rifles that were recovered at his wife's house. HOWARD also said that he slept at Jean Howard's home the previous night. Regarding the fire, HOWARD was shown still images from the hotel surveillance system. HOWARD confirmed that the firebombed truck in the photograph belonged to his employer, P.S. HOWARD also confirmed that the still image of the vehicle parked behind the Dodge truck was his own.

10. Regarding why HOWARD was parked next to the Dodge truck on the night of the fire, HOWARD said that he went to the Day's Inn Hotel in order to purchase "meth". He said he left $100 on top of the front tire of the Dodge truck in exchange for "meth" that had been placed there for him. When asked if he set fire to the truck, HOWARD replied, "I am not saying I did and I am not saying I didn't because I was high on meth at the time."

11. On October 14, 2014, I monitored inmate telephone calls made by HOWARD from the Manatee County Jail. These calls have a pre-recorded message notifying all parties that the calls are subject to monitoring and

recording. On October 11, 2014, HOWARD placed a telephone call to (941) 623-6663. During this telephone call, HOWARD stated, "that bitch helped me light the fucking fuse . . . we set fire to the truck."

12. On October 15, 2014, Paul Howard, Henry HOWARD's brother, notified me that HOWARD wanted to speak with investigators. On October 15, 2014, Detective Douglas, MSO Detective Angel Posada-Wilcher and I interviewed Henry HOWARD at the Manatee County Jail. HOWARD confirmed that he initiated contact with investigators. Post-*Miranda*, HOWARD stated that the .308 rifle belonged to him and that his wife purchased it for him. HOWARD also said that he purchased the 17mm rifle from a private party. HOWARD acknowledged that as a convicted felon it is against the law for him to possess firearms or ammunition. HOWARD also stated that he set fire to P.S.'s truck and described using an incendiary device consisting of a plastic bottle, gasoline, and wick.

13. I reviewed a computerized criminal history (NCIC) as well as judgment and convictions relating to HOWARD. These records show that HOWARD is a convicted felon and has among others, the following felony convictions:

    a. Armed Robbery, in Case Number 86-1552F, in the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County, Florida on October 10, 1986;

    b. Principal to Robbery with a Firearm, in Case Number 96-

887F, the Circuit Court for the Twelfth Judicial Circuit in and for Sarasota County, Florida on November 20, 1996; and

    c.    Robbery, in Case Number 2000-CF-3303, in the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County, Florida on April 26, 2002.

14.    I confirmed through consultation with an ATF Explosives Enforcement Officer that the evidence related to the June 20, 2014 incendiary fire and possessed by HOWARD on or about June 20, 2014, meets the definition of a "destructive device" as defined by Title 26, United States Code, Section 5845(f).

15.    I confirmed through consultation with an ATF Interstate Nexus Expert that the rifles possessed by HOWARD on or about October 7, 2014, were manufactured outside the State of Florida and, therefore, have traveled in or affected interstate commerce prior to their recovery in the State of Florida.

16.    I contacted the Florida Office of Executive Clemency regarding HOWARD. A search of Florida Clemency records show that HOWARD has not had his rights to possess firearms restored, nor received any pardons.

## CONCLUSION

17. I submit these facts as evidence that Probable Cause exists to believe that Henry B. HOWARD has violated the laws of the United States, specifically being a felon in possession of a firearm affecting interstate commerce as defined under Title 18, United States Code, Sections 922(g)(1) and 924(e).

Konstantinos Balos, Special Agent
Alcohol, Tobacco Firearms and Explosives

Sworn to and subscribed before me this 21st day of October, 2014, at Tampa, Florida.

Anthony E. Porcelli
United States Magistrate Judge

L:\_Criminal Cases\H\Howard, Henry_2014R02103_CCG\x_complaint affidavit (Howard).doc